UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**HERIBERTO SALAZAR-ROMERO,** an individual,

          Plaintiff,

v.

**KALAMAZOO PALLET, LLC,**
a Michigan Limited Liability Company,
**JOHN BRESLIN,** an individual, and
**JUAN PUENTE,** an individual,
jointly and severally,

          Defendants.

Hon.

Case No.

_____/

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Agustin Henriquez (P79589)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com
_____/

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff Heriberto Salazar-Romero, by and through his attorneys at the Avanti Law Group, PLLC, and in his Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.

2. Defendants violated the FLSA by failing to pay Plaintiff, time and one-half for each hour worked in excess of forty (40) per workweek. The FLSA requires the non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. Accordingly, Plaintiffs bring this collective action to recover unpaid overtime compensation under 29 U.S.C. § 207 and § 216(b).

3. Defendants violated the FLSA by failing to pay Plaintiff minimum wage for all hours worked. The FLSA requires employees to be compensated on a mandated minimum wage rate.

4. Plaintiff seeks a declaration that his rights were violated, an award of unpaid wages, and award of liquidated damages along with an award of attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over the state law claim asserted herein pursuant to 28 U.S.C. § 1391

7. Supplemental jurisdiction is appropriate because Plaintiff's state law claim shares a common nucleus of operative fact with Plaintiff's federal claim and are most efficiently resolved together in one court.

8. Defendant corporation's employees were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

9. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

10. Defendant corporation's annual sales exceed $500,000, and each Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis.

11. Defendant Kalamazoo Pallet, LLC is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Kalamazoo, Michigan, within the United States Judicial District of the Western District of Michigan.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

13. Plaintiff Heriberto Salazar-Romero (hereinafter referred to as "Salazar") is an individual who at all times relevant to this complaint resided in the County of Kalamazoo, state of Michigan.

14. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

15. Defendant Kalamazoo Pallet, LLC (hereinafter referred to as "Kalamazoo Pallet") is a Michigan Limited Liability Company whose registered office is located at 2215 Palmer Street in Kalamazoo, Michigan. *Exhibit B*.

16. Defendant Kalamazoo Pallet builds, rebuilds and/or repairs pallets and crates.

17. Defendant John Breslin (hereinafter referred to as "Breslin") is an individual who at all times relevant to this complaint is the co-owner and resident agent of Defendant Kalamazoo Pallet.

18. Defendant John Breslin at all times relevant to this complaint is and was in charge of the day-to-day operations of Kalamazoo Pallet.

19. Defendant Juan Puente (hereinafter referred to as "Puente") is an individual who at all times relevant to this complaint is and was the direct supervisor of Plaintiff.

20. Defendant Juan Puente at all times relevant to this complaint sets Plaintiff's schedule, keeps records of day-to-day production, and directs Plaintiff's activities at work.

21. Defendants employ Plaintiff within the meaning of 29 U.S.C. § 203(g).

22. Defendant Juan Puente (hereinafter referred to as "Puente") is an individual who at all times relevant to this complaint was employed by Defendants as a manager.

23. Defendant Puente was and is the manager of Plaintiff at all relevant times to this complaint.

## GENERAL ALLEGATIONS

24. Plaintiff Salazar works as a general laborer for Defendant Kalamazoo Pallet.

25. Defendant Kalamazoo Pallet, prior to 2013, did business as Holland Pallet Repair.

26. Plaintiff first began working for Defendants on or around March of 2001 and ceased working in 2005.

27. Plaintiff was rehired to work for Defendants on or around 2008 and continued working until 2012.

28. Plaintiff was rehired once again on or around April of 2013 and continues to be currently employed by Defendants.

29. Plaintiff's primary duty is to nail pallets.

30. Plaintiff at all relevant times to this complaint was, and continues to be, paid on a piece rate basis. *Exhibit C, Pay Stub.*

31. Plaintiff works two hours of "hourly work" per week, in which he is paid $14 per hour.

32. With the exception of the above stated hours, Plaintiff is not generally compensated on an hourly basis for work performed for Defendants.

33. Plaintiff's pay varies, as it depends on the type of pallet he is required to work on at any given time.

34. Plaintiff is to be paid $8 for every twenty (20) pallets made, $15 for every twenty (20) pallets made, or $15 for every ten (10) pallets made, depending on the type of pallet.

35. Plaintiff works an average of fifty (50) hours per work week. His schedule is as follows:

    a. Monday through Friday - 5:30 am to 3:30 pm with an unpaid thirty (30) minute lunch.

36. Defendant did not compensate Plaintiff at the rate of one and one half times his rate for all hours worked over forty (40) hours per work week as required by the FLSA.

37. Defendant did not pay statutory mandated minimum wage for all hours worked.

### WILLFUL VIOLATIONS OF THE FLSA

38. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff.

39. Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of its workers was and is impermissible under the FLSA.

40. Defendants utilized their business to subvert their obligations under state and federal law.

41. Plaintiff's supervisor, Juan Puente, specifically told him that they would not pay him overtime because he was working by piece rate and not as an hourly employee like the rest of the employees.

42. Defendants pay other employees overtime premium for all hours worked over forty (40).

43. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY STATUTORY MINIMUM WAGE

44. Plaintiff hereby incorporates and realleges all the paragraphs above.

45. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

46. At all relevant times, Plaintiff was an "employee[s]" of Defendants as the term is defined under the FLSA.

47. At all times relevant to this action, Defendants "suffered or permitted" the Plaintiff to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. §203(g).

48. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

49. As a result of the violation, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

### COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

50. Plaintiff hereby incorporates and realleges all the paragraphs above.

51. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

52. At all relevant times, Plaintiff was an "employee[s]" of Defendants as the term is defined under the FLSA.

53. At all times relevant to this action, Defendants "suffered or permitted" the Plaintiff to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. §203(g).

54. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek, 29 U.S.C. §206.

55. By failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

56. Plaintiff was not paid at the rate of one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek.

57. Defendants' violations of the FLSA were knowing and willful.

58. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

59. As a result of Defendants' violation, Plaintiff is entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT III
## VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT, M.C.L.A § 408.411 et seq., FAILURE TO PAY MINIMUM WAGE

60. Plaintiff hereby incorporates and realleges all the paragraph above.

61. The Michigan's Workforce Opportunity Wage Act ("MWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L.A § 408.411, et seq.

62. At all relevant times, Defendants have been "employer[s]" within the meaning of the MWOWA, M.C.L.A § 408.411, et seq.

63. At all relevant times, Plaintiff was an "employee" within the meaning of the MWOWA, M.C.L.A § 408.411, et seq.

64. The MWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L.A § 408.414

65. As a result of the violation, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the MWOWA;

C. Defendants be ordered to pay Plaintiff his unpaid wages together with an equal amount in liquidated damages;

D.  Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

E.  Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the MWOWA; and

F.  The Court grants such other and further relief as the Court may deem just or equitable.


Dated: August 1, 2018                                Respectfully Submitted,

                                                     */s/   Robert Anthony Alvarez*
                                                     Robert Anthony Alvarez (P66954)
                                                     Attorney for Plaintiff
                                                     Avanti Law Group. PLLC


## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff Heriberto Salazar-Romero, by and through his attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Respectfully Submitted,

                                                     */s/   Robert Anthony Alvarez            .*
                                                     Robert Anthony Alvarez (P66954)
                                                     Attorney for Plaintiffs
                                                     Avanti Law Group. PLLC
                                                     600 28th Street SW
                                                     Wyoming, MI 49509
                                                     (616) 257-6807
                                                     ralvarez@avantilaw.com

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 07/26/18                                HERIBERTO SALAZAR
                                                           Heriberto Salazar-Romero