**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**HERIBERTO SALAZAR-ROMERO,**
an individual,

Plaintiff,

Case No. 1:18-cv-00844-JTN-ESC

v.

HON. JANET T. NEFF

**KALAMAZOO PALLET, LLC,**
a Michigan limited liability company,
**JOHN BRESLIN,** an individual, and
**JUAN PUENTE,** an individual, jointly
and severally,

Defendants.

---

Robert Anthony Alvarez (P66954)
Agustin Henriquez (P79589)
AVANTI LAW GROUP, PLLC
Attorneys for Plaintiff
600 28th Street, S.W.
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

Gregory P. Ripple (P70507)
MILLER JOHNSON
Attorneys for Defendants
45 Ottawa Avenue, S.W., Suite 1100
Grand Rapids, MI 49503
(616) 831-1797
rippleg@millerjohnson.com

---

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Kalamazoo Pallet, LLC, John Breslin, and Juan Puente, by their attorneys Miller Johnson, answer Plaintiff's Complaint in this matter as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.

**<u>ANSWER:</u> Defendants admit that this civil action asserts claims under the FLSA, but deny the remaining allegations of Paragraph 1 and deny that Plaintiff is entitled to any relief whatsoever.**

2. Defendants violated the FLSA by failing to pay Plaintiff, time and one-half for each hour worked in excess of forty (40) per workweek. The FLSA requires the non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. Accordingly, Plaintiffs bring this collective action to recover unpaid overtime compensation under 29 U.S.C. § 207 and § 216(b).

**<u>ANSWER:</u> Defendants deny the factual allegations of Paragraph 2.**

3. Defendants violated the FLSA by failing to pay Plaintiff minimum wage for all hours worked. The FLSA requires employees to be compensated on a mandated minimum wage rate.

**<u>ANSWER:</u> Defendants deny the factual allegations of Paragraph 3.**

4. Plaintiff seeks a declaration that his rights were violated, an award of unpaid wages, and award of liquidated damages along with an award of attorneys' fees and costs.

**<u>ANSWER:</u> Defendants admit that Plaintiff seeks certain damages, but deny that Plaintiff is entitled to any relief whatsoever.**

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

**<u>ANSWER:</u> Defendants admit that this Court has jurisdiction over this action, but deny that Plaintiff's Complaint states claims for which relief may be granted.**

6. This Court has supplemental jurisdiction over the state law claim asserted herein pursuant to 28 U.S.C. § 1391.

**ANSWER: Defendants admit that this Court has supplemental jurisdiction over Plaintiff's state law claims, but deny that the state law claims state a claim for which relief may be granted.**

7. Supplemental jurisdiction is appropriate because Plaintiffs state law claim shares a common nucleus of operative fact with Plaintiff's federal claim and are most efficiently resolved together in one court.

**ANSWER: Defendants admit that this Court has supplemental jurisdiction over Plaintiff's state law claims, but deny that the state law claims state a claim for which relief may be granted.**

8. Defendant corporation's employees were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

**ANSWER: Admitted that Kalamazoo Pallet, LLC was engaged in commerce. Defendants deny the remaining factual allegations of Paragraph 8.**

9. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

**ANSWER: Denied.**

10. Defendant corporation's annual sales exceed $500,000, and each Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis.

**ANSWER: Admitted.**

11. Defendant Kalamazoo Pallet, LLC is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Kalamazoo, Michigan, within the United States Judicial District of the Western District of Michigan.

**ANSWER: Defendant Kalamazoo Pallet, LLC admits that it is a limited liability company organized under the laws of the State of Michigan and has its principal place of business in Kalamazoo, Michigan, which is within the geographical confines of the United States Judicial District of the Western District of Michigan. Defendants deny the remaining factual allegations for Paragraph 11.**

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

**ANSWER: Defendants admit that venue is proper in this Court, but deny that Plaintiff's Complaint states claims for which relief may be granted.**

**PARTIES**

13. Plaintiff Heriberto Salazar-Romero (hereinafter referred to as "Salazar") is an individual who at all times relevant to this complaint resided in the County of Kalamazoo, state of Michigan.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 13 and, therefore, deny them.**

14. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A.*

**ANSWER: Exhibit A speaks for itself. Defendants deny any factual allegations contained in Paragraph 14.**

15. Defendant Kalamazoo Pallet, LLC (hereinafter referred to as "Kalamazoo Pallet") is a Michigan Limited Liability Company whose registered office is located at 2215 Palmer Street in Kalamazoo, Michigan. *Exhibit B.*

**ANSWER: Admitted.**

16. Defendant Kalamazoo Pallet builds, rebuilds and/or repairs pallets and crates.

**ANSWER: Admitted.**

17. Defendant John Breslin (hereinafter referred to as "Breslin") is an individual who at all times relevant to this complaint is the co-owner and resident agent of Defendant Kalamazoo Pallet.

**ANSWER: Admitted.**

18. Defendant John Breslin at all times relevant to this complaint is and was in charge of the day-to-day operations of Kalamazoo Pallet.

**ANSWER: Denied.**

19. Defendant Juan Puente (hereinafter referred to as "Puente") is an individual who at all times relevant to this complaint is and was the direct supervisor of Plaintiff.

**ANSWER: Admitted.**

20. Defendant Juan Puente at all times relevant to this complaint sets Plaintiff's schedule, keeps records of day-to-day production, and directs Plaintiff's activities at work.

**ANSWER: Admitted.**

21. Defendants employ Plaintiff within the meaning of 29 U.S.C. § 203(g).

**ANSWER: Defendants admit that Defendant Kalamazoo Pallet LLC employed Plaintiff. Defendants deny the remaining factual allegations of Paragraph 21.**

22. Defendant Juan Puente (hereinafter referred to as "Puente") is an individual who at all times relevant to this complaint was employed by Defendants as a manager.

**ANSWER: Defendants admit that Defendant Puente has been employed as a manager at Kalamazoo Pallet. Defendants deny the remaining factual allegations of Paragraph 22.**

23. Defendant Puente was and is the manager of Plaintiff at all relevant times to this complaint.

**ANSWER: Defendants admit that Defendant Puente has been employed as a manager at Kalamazoo Pallet. Defendants deny the remaining factual allegations of Paragraph 23.**

**GENERAL ALLEGATIONS**

24. Plaintiff Salazar works as a general laborer for Defendant Kalamazoo Pallet.

**ANSWER: Admitted.**

25. Defendant Kalamazoo Pallet, prior to 2013, did business as Holland Pallet Repair.

**ANSWER: Denied.**

26. Plaintiff first began working for Defendants on or around March of 2001 and ceased working in 2005.

**ANSWER: Admitted.**

27. Plaintiff was rehired to work for Defendants on or around 2008 and continued working until 2012.

**ANSWER: Admitted.**

28. Plaintiff was rehired once again on or around April of 2013 and continues to be currently employed by Defendants.

**ANSWER: Admitted.**

29. Plaintiff's primary duty is to nail pallets.

**ANSWER: Defendants admit that Plaintiff's primary duty is to fabricate pallets. Defendants deny the remaining allegations of Paragraph 29.**

30. Plaintiff at all relevant times to this complaint was, and continues to be, paid on a piece rate basis. *Exhibit C, Pay Stub.*

**ANSWER: Defendants admit that Plaintiff has been paid on a piece rate basis. Defendants deny the remaining allegations of Paragraph 30.**

31. Plaintiff works two hours of "hourly work" per week, in which he is paid $14 per hour.

**ANSWER: Admitted.**

32. With the exception of the above stated hours, Plaintiff is not generally compensated on an hourly basis for work performed for Defendants.

**ANSWER: Defendants admit that Plaintiff is not compensated on an hourly basis except for two hours of work per week for which he is paid $14 an hour. Defendants deny the remaining factual allegations of Paragraph 32.**

33. Plaintiffs pay varies, as it depends on the type of pallet he is required to work on at any given time.

**ANSWER: Admitted.**

34. Plaintiff is to be paid $8 for every twenty (20) pallets made, $15 for every twenty (20) pallets made, or $15 for every ten (10) pallets made, depending on the type of pallet.

**ANSWER: Admitted.**

35. Plaintiff works an average of fifty (50) hours per work week. His schedule is as follows:

a. Monday through Friday - 5:30 am to 3:30 pm with an unpaid thirty (30) minute lunch.

**ANSWER:** **Denied.**

36. Defendant did not compensate Plaintiff at the rate of one and one half times his rate for all hours worked over forty (40) hours per work week as required by the FLSA.

**ANSWER:** **Denied.**

37. Defendant did not pay statutory mandated minimum wage for all hours worked.

**ANSWER:** **Denied.**

**WILLFUL VIOLATIONS OF THE FLSA**

38. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff.

**ANSWER:** **Denied.**

39. Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of its workers was and is impermissible under the FLSA.

**ANSWER:** **Denied.**

40. Defendants utilized their business to subvert their obligations under state and federal law.

**ANSWER:** **Denied.**

41. Plaintiff's supervisor, Juan Puente, specifically told him that they would not pay him overtime because he was working by piece rate and not as an hourly employee like the rest of the employees.

**ANSWER:** **Denied.**

42. Defendants pay other employees overtime premium for all hours worked over forty (40).

**ANSWER:** **Admitted.**

43. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

**ANSWER:** **Defendants admit that Plaintiff seeks certain damages, but deny that he is entitled to any damages whatsoever.**

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 ET SEQ., FAILURE TO PAY STATUTORY MINIMUM WAGE

44. Plaintiff hereby incorporates and realleges all the paragraphs above.

**ANSWER:** **Defendants hereby incorporate and restates its responses to the paragraphs above.**

45. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

**ANSWER:** **Defendants admit that Defendant Kalamazoo Pallet LLC employed Plaintiff. Defendants deny the remaining factual allegations of Paragraph 45.**

46. At all relevant times, Plaintiff was an "employee[s]" of Defendants as the term is defined under the FLSA.

**ANSWER: Defendants admit that Defendant Kalamazoo Pallet LLC employed Plaintiff. Defendants deny the remaining factual allegations of Paragraph 46.**

47. At all times relevant to this action, Defendants "suffered or permitted" the Plaintiff to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. §203(g).

**ANSWER: Defendants admit that Defendant Kalamazoo Pallet LLC employed Plaintiff. Defendants deny the remaining factual allegations of Paragraph 47.**

48. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

**ANSWER: Paragraph 48 contains legal assertions to which no response is required. Defendants deny any factual allegations contain in Paragraph 48.**

49. As a result of the violation, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**ANSWER: Defendants admit that Plaintiff seeks certain damages, but deny that he is entitled to any damages whatsoever.**

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 ET SEQ., FAILURE TO PAY OVERTIME**

50. Plaintiff hereby incorporates and realleges all the paragraphs above.

**ANSWER: Defendants hereby incorporate and restates its responses to the paragraphs above.**

51. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

**ANSWER:** **Defendants admit that Defendant Kalamazoo Pallet LLC employed Plaintiff. Defendants deny the remaining factual allegations of Paragraph 51.**

52. At all relevant times, Plaintiff was an "employee[s]" of Defendants as the term is defined under the FLSA.

**ANSWER:** **Defendants admit that Defendant Kalamazoo Pallet LLC employed Plaintiff. Defendants deny the remaining factual allegations of Paragraph 52.**

53. At all times relevant to this action, Defendants "suffered or permitted" the Plaintiff to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. §203(g).

**ANSWER:** **Defendants admit that Defendant Kalamazoo Pallet LLC employed Plaintiff. Defendants deny the remaining factual allegations of Paragraph 53.**

54. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek, 29 U.S.C. §206.

**ANSWER:** **Paragraph 54 contains legal assertions to which no response is required. Defendants deny any factual allegations contain in Paragraph 54.**

55. By failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

**ANSWER:** **Defendants deny any allegation that Plaintiff was not paid in compliance with the FLSA. Defendants deny the remaining factual allegations of Paragraph 55.**

56. Plaintiff was not paid at the rate of one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek.

**<u>ANSWER:</u> Denied.**

57. Defendants' violations of the FLSA were knowing and willful.

**<u>ANSWER:</u> Denied.**

58. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

**<u>ANSWER:</u> Paragraph 58 contains legal assertions to which no response is required. Defendants deny any factual allegations contain in Paragraph 58.**

59. As a result of Defendants' violation, Plaintiff is entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**<u>ANSWER:</u> Denied.**

**<u>COUNT III</u>**
**<u>VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT, M.C.L.A § 408.411 ET SEQ., FAILURE TO PAY MINIMUM WAGE</u>**

60. Plaintiff hereby incorporates and realleges all the paragraph above.

**<u>ANSWER:</u> Defendants hereby incorporates and restates their responses to the paragraphs above.**

61. The Michigan's Workforce Opportunity Wage Act ("MWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L.A § 408.411, et seq.

**<u>ANSWER:</u> Paragraph 61 contains legal assertions to which no response is required. Defendants deny any factual allegations contain in Paragraph 61.**

62. At all relevant times, Defendants have been "employer[s]" within the meaning of the MWOWA, M.C.L.A § 408.411, et seq.

**ANSWER: Defendants admit that Defendant Kalamazoo Pallet LLC employed Plaintiff. Defendants deny the remaining factual allegations of Paragraph 62.**

63. At all relevant times, Plaintiff was an "employee" within the meaning of the MWOWA, M.C.L.A § 408.411, et seq.

**ANSWER: Defendants admit that Defendant Kalamazoo Pallet LLC employed Plaintiff. Defendants deny the remaining factual allegations of Paragraph 63.**

64. The MWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L.A § 408.414.

**ANSWER: Paragraph 64 contains legal assertions to which no response is required. Defendants deny any factual allegations contained in Paragraph 64.**

65. As a result of the violation, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**ANSWER: Denied.**

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants may rely on one or more of the following affirmative and other defenses:

A. Plaintiff has failed to state a claim on which relief may be granted.

B. One or more of Plaintiff's claims are barred by the applicable statute of limitations.

C. One or more of Plaintiff's claims are barred by laches.

D. Some or all of Plaintiff's claims are barred by res judicata.

E. Some or all of Plaintiff's claims are barred by collateral estoppel.

F. Plaintiff failed to join one or more necessary parties.

G. Some or all of Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative or other available procedures.

H. Defendants reserve the right to assert additional or other affirmative defenses pending the completion of discovery.

Respectfully submitted,

MILLER JOHNSON
Attorneys for Defendants

Date: October 31, 2018

By: *<u>/s/ Gregory P. Ripple</u>*
Gregory P. Ripple (P70507)

Business Address and Telephone:
45 Ottawa Avenue, SW, Suite 1100
Grand Rapids, MI 49503
(616) 831-1797
rippleg@millerjohnson.com